UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

HOLLY NICHOLSON,

    Plaintiff,

v.                                      Case No. 3:14-cv-1255-J-39JBT

CHAZ KOFLER, and CITY OF
PALATKA,

    Defendants.
_____/

## ORDER

**THIS CAUSE** is before the Court on Defendant's Motion to Dismiss Count II of Plaintiff's Second Amended Complaint (Doc. 23; Motion) filed February 9, 2015. Plaintiff belatedly filed a response in opposition on April 16, 2015. (Doc. 33; Response). Accordingly, the matter is ripe for review.

    I.    **BACKGROUND**[1]

At approximately 1:00 a.m. on October 17, 2010, Plaintiff Holly Nicholson, then six months pregnant, called 911 alleging that her former husband, Paul Miracle battered her. Officer Chaz Kofler from the Palatka Police Department ("PPD") responded to the call, investigated the allegations, and viewed security footage of the incident. Officer Kofler then arrested Ms. Nicholson for domestic battery without a warrant. Ms.

---

[1] In considering a motion to dismiss pursuant to Rule 12(b)(6), the allegations in the Second Amended Complaint (Doc. 17) must be accepted as true and construed in the light most favorable to Plaintiff. See Hill v. White, 321 F.3d 1334, 1335 (11th Cir. 2003).

Nicholson waived arraignment on a charge of domestic battery, and pled not guilty.[2] As a condition of pretrial release, Ms. Nicholson was prohibited from having contact with Mr. Miracle.

Following Ms. Nicholson's arrest, Officer Kofler never submitted the surveillance video to the Office of the State Attorney. Review of the security footage revealed that Mr. Miracle was the aggressor because he slammed his body into Ms. Nicholson first. The Office of the State Attorney filed an Announcement of "No Information" in regards to the alleged domestic battery. Ms. Nicholson now brings suit against Defendants with her five count complaint, which includes a claim for malicious prosecution against Officer Kofler. Officer Kofler seeks dismissal of Ms. Nicholson's claim of malicious prosecution against him pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Rule(s)").

## II.   STANDARD OF REVIEW

When considering a motion to dismiss under Rule 12(b)(6), the Court must accept all factual allegations in the complaint as true, construing the allegations and drawing all reasonable inferences in the light most favorable to the plaintiff. Castro v. Sec'y of Homeland Sec., 472 F.3d 1334, 1336 (11th Cir. 2006); Hill v. White, 321 F.3d 1334, 1335 (11th Cir. 2003). Rule "8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007). Normally, "[s]pecific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

---

[2] Under Florida law, a defendant may plead not guilty before an information or indictment is filed. See Fla. R. Crim. P. 3.160(a).

However, a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 550 U.S. at 555 (internal citations and quotations omitted). As a result, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Id. at 570.

Of course, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). In considering a motion to dismiss, a court should "1) eliminate any allegations in the complaint that are merely legal conclusions; and 2) where there are well-pleaded factual allegations, 'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" Amer. Dental Ass'n v. Cigna Corp., 605 F.3d 1283, 1290 (11th Cir. 2010) (quoting Iqbal, 556 U.S. at 679)).

A "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (internal quotations omitted); see also Jackson, 372 F.3d at 1262 (explaining that "[c]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal") (internal citation and quotations omitted). Indeed, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," which simply "are not entitled to [an] assumption of truth." See Iqbal, 556 U.S. at 678, 680-81. Thus, in ruling on a motion to dismiss, the Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a

claim to relief that is plausible on its face.'" Id. at 678 (quoting Twombly, 550 U.S. at 570).

### III. DISCUSSION

The dispute between Ms. Nicholson and Officer Kofler for purposes of the instant Motion is whether Ms. Nicholson's claim of malicious prosecution can survive a Rule 12(b)(6) challenge. "To establish a federal malicious prosecution claim under § 1983, a plaintiff must prove (1) the elements of the common law tort of malicious prosecution, and (2) . . . that she was seized in relation to the prosecution, in violation of her constitutional rights." Kingsland v. City of Miami, 382 F.3d 1220, 1234-35 (11th Cir. 2004) (citation omitted); see also Donley v. City of Morrow, Georgia, 601 F. App'x 805, 813 (11th Cir. 2015) ("[I]n addition to the common law elements, a § 1983 plaintiff must prove that he was seized in relation to the prosecution, in violation of his constitutional rights.") (quotations omitted). Only whether a seizure "in relation to the prosecution" occurred is at issue in analyzing Officer Kofler's Motion. For purposes of malicious prosecution claims, a seizure "in relation to the prosecution" cannot occur "until the party is arraigned or indicted." Kingsland, 382 F.3d at 123. Indeed, as this Court previously held, an allegation that the plaintiff was arraigned "is a prerequisite to a § 1983 claim for malicious prosecution." Banks v. Rodgers, 3:14-cv-65-J-39MCR, Doc. 49 at 4 (M.D. Fla. Feb. 13, 2015).

An arraignment in Florida "shall consist of the . . . reading [of] the indictment or information . . . ." Fla. R. Crim. P. 3.160(a). Both types of charging documents set forth the charges being prosecuted by the State, but differ in that only an indictment may be used for the prosecution of a capital offense. Pinder v. State, 42 So. 3d 335, 337 (Fla.

- 4 -

3d DCA 2010) ("[T]he State Attorney must charge all criminal offenses punishable by death by indictment, but may elect whether to charge all other offenses by either filing an indictment or an information."). Ms. Nicholson alleges both that she was arraigned and that the State Attorney's Office filed a "No Information" regarding the domestic battery charge. (Doc. 17 ¶¶ 30 and 32). The filing of a no information "is the same as a 'no action.'" Purchase v. State, 866 So. 2d 208, 209 (Fla. 4th DCA 2004). The filing of a "no action" is "the voluntary termination of proceedings by the state *before* an information is filed." Purchase, 866 So. 2d at 208 (citing Genden v. Fuller, 648 So. 2d 1183, 1183 n.1 (Fla. 1994)) (emphasis added). Accordingly, it is impossible for Ms. Nicholson to have been arraigned, which requires the filing of an indictment or information and for the State to have filed a "no action" or "no information."

Fortunately, the Court need not look beyond Ms. Nicholson's own filings to resolve the conflict in her allegations.[3] Ms. Nicholson provides the docket summary from her arrest for domestic battery. (Doc. 33 at 9). The docket summary reflects that the State Attorney never filed an indictment or information, rather the State Attorney announced the filing of a "No Information." Id. Thus, the docket summary contradicts Ms. Nicholson's allegations that she was arraigned. Where an allegation in a complaint contradicts a properly considered exhibit, "the exhibit[] govern[s] despite a court's duty

---

[3] The Court may properly consider "documents attached to a motion to dismiss without converting it to a motion for summary judgment where the attached documents are central to the plaintiff's claim and their authenticity is not challenged." Kinsey v. MLH Fin. Servs., Inc., 509 F. App'x 852, 853 (11th Cir. 2013) (citation omitted). The docket summary from Ms. Nicholson's case is attached to her Response to Officer Kofler's Motion to Dismiss, is central to her case, and its authenticity is not in dispute. Accordingly, the Court may properly consider the docket summary.

to accept a plaintiff's allegations as true." <u>Kinsey</u>, 509 F. App'x at 853. Since Ms. Nicholson cannot maintain that she was ever arraigned, she cannot pursue a claim for malicious prosecution. See <u>Kingsland</u>, 382 F.3d at 1234; <u>Donley</u>, 601 F. App'x at 813 ("the plaintiff's arrest cannot serve as the predicate deprivation of liberty because it occurred prior to the time of arraignment . . . .") (quotations omitted).

Accordingly, after due consideration, it is

**ORDERED:**

1.   Defendant Chaz Kofler's Motion to Dismiss Count II (Doc. 23) is **GRANTED**.

2.   Count II of Plaintiff's Second Amended Complaint (Doc. 17) is **DISMISSED with prejudice**.

**DONE** and **ORDERED** in Jacksonville, Florida this 15th day of June, 2015.

BRIAN J. DAVIS
United States District Judge

mw
Copies furnished to:

Counsel of Record
/p